IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
COURT FILE NO.: 25-cv-2690 LMP/DTS

| | |
|---|---|
| KELLY LEINES & TORSTEN LEINES<br>Individually and on behalf of their minor son<br>T.S.L., and SAVANNAH LEINES,<br><br>Plaintiffs,<br><br>v.<br><br>TRUSTONE FINANCIAL,<br><br>Defendant. | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME the plaintiffs, KELLY LEINES and TORSTEN LEINES, each individually and on behalf of their minor son, T.S.L., and SAVANNAH LEINES, by and through their attorneys, Consumer Justice Center P.A., and for their complaint against the Defendant, TRUSTONE FINANCIAL, Plaintiffs state as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. KELLY LEINES, TORSTEN LEINES each individually and on behalf of their minor son, T.S.L (hereinafter "TSL") and SAVANNAH LEINES, (hereinafter, collectively referred to as "Plaintiffs" where not individually indicated) are individuals who were at all relevant times residing in the City of Maple Grove, County of Hennepin, State of Minnesota.

5. At all relevant times, Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiffs had assets accounts their name with Defendant (hereinafter, "Plaintiffs' TruStone Accounts").

7. Plaintiff, Kelly Leines had her own checking account (hereinafter "Kelly's TruStone Account").

8. Plaintiff, Savannah Leines had her own checking account (hereinafter "Savannah's TruStone Account").

9. Plaintiff, Torsten Leines had his own checking account (hereinafter "Torsten's TruStone Account").

10. TSL, a minor, had his own checking account (hereinafter "TSL's TruStone Account").

11. At all relevant times, Plaintiffs' TruStone Accounts were established to hold funds used primarily for Plaintiffs' personal use and/or household expenditures.

12. At all relevant times, Plaintiffs' TruStone Accounts was/were each an "account" as that term is defined by 15 U.S.C. §1693a(2).

13. TRUSTONE FINANCIAL, (hereinafter, "Defendant") is a business entity that conducts business within the State of Minnesota. Defendant is incorporated in the State of Minnesota. Defendant's principal place of business is located in the State of Minnesota.

14. At all relevant times, Defendant was a bank that held Plaintiffs' TruStone Accounts.

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

17. At all relevant times, unknown recipient(s) received funds from Plaintiffs' TruStone Accounts, which were transferred to unknown recipient(s) via an electronic terminal, telephonic instruction or computer or magnetic tape after unknown recipient(s) instructed Defendant to transfer funds to unknown recipient(s) from Plaintiffs' TruStone Accounts.

### IV.   ALLEGATIONS

18. On or about June 21, 2024, through August 31, 2024, $11,487.00 was debited from Plaintiffs' TruStone Savings Accounts and transferred to TSL's TruStone Account.

19. Of the $11,487.00 transferred into TSL's TruStone Account, on or about June 21, 2024, through August 31, 2024, $1,877.00 was debited from Torsten's TruStone Account.

20. Of the $11,487.00 transferred into TSL's TruStone Account, on or about June 21, 2024, through August 31, 2024, $8,620.00 was debited from Kelly's TruStone Account.

21. Of the $11,487.00 transferred into TSL's TruStone Account, on or about June 21, 2024, through August 31, 2024, $990.00 was debited from Savannah's TruStone Account

22. On or about June 21, 2024, through August 31, 2024, $10,870.00 was debited from TSL's TruStone Account by unknown recipient(s) with the payee listed as Kelly and Tortsen's minor son and Apple cash.

23. Plaintiffs did not provide unknown recipient(s) with consent to debit funds from Plaintiffs' TruStone Accounts on June 21, 2024, through August 31, 2024.

24. Plaintiffs did not provide Defendant with consent for unknown recipient(s) to debit funds from Plaintiffs' TruStone Accounts on June 21, 2024, through August 31, 2024.

25. Prior to June 21, 2024, through August 31, 2024, Plaintiffs were not aware that $10,870.00 was to be debited from Plaintiffs' TruStone Accounts by unknown recipient(s), as delineated above.

26. Plaintiffs received no benefit from the intrabank transfers of funds.

27. Without the unauthorized and unknown transfer of money from Kelly's TruStone Account, Torsen's TruStone Account, and Savannah's TruStone Account into TSL's TruStone Account, there would not have been sufficient funds in TSL's TruStone

Account to fund the unauthorized and unknown transfers that went out of TSL's TruStone Account.

28. On September 3, 2024, Plaintiffs provided Defendant with notice that they disputed the debit of funds by unknown recipient(s) relative to Plaintiffs' TruStone Accounts on June 21, 2024, through August 31, 2024.

29. On September 3, 2024, Plaintiffs provided Defendant with information to allow Defendant to identify Plaintiffs' TruStone Accounts, such as:

  a. Plaintiffs' TruStone Account numbers;

  b. Plaintiffs' personal identifying information;

  c. The name under which Plaintiffs' TruStone Accounts was registered;

  d. The date of the transactions which Plaintiffs disputed relative to Plaintiffs' TruStone Accounts;

  e. The amount of the transactions which Plaintiffs disputed relative to Plaintiffs' TruStone Accounts; and,

30. On September 3, 2024, Plaintiffs provided Defendant with notice that the debits of funds by unknown recipient(s) relative to Plaintiffs' TruStone Accounts on June 21, 2024, through August 31, 2024, were unauthorized electronic transfers of funds from Plaintiffs' TruStone Accounts.

31. On September 3, 2024, Plaintiffs informed Defendant that they did not provide unknown recipient(s) with consent to debit funds from Plaintiffs' TruStone Accounts on June 21, 2024, through August 31, 2024.

32. On September 3, 2024, Plaintiffs informed Defendant that they dispute owing the $10,870.00 debited from their account by unknown recipient(s) on June 21, 2024, through August 31, 2024.

33. On September 3, 2024, Plaintiffs provided Defendant with oral and/or written notice of the circumstances as to why Plaintiffs believed the debit of funds by unknown recipient(s) on June 21, 2024, through August 31, 2024, was carried out in error, such as:

   a. Plaintiffs never authorized the debit of funds from Plaintiffs' TruStone Accounts;

   b. Plaintiffs never provided unknown recipient(s) with permission, consent or authority to debit funds from Plaintiffs' TruStone Accounts;

   c. The account activity is wholly inconsistent with Plaintiffs' previous account activity; and

   d. Plaintiffs' minor son did not have the access to other accounts and capability to transfer funds from other family accounts into his own.

34. To date, Defendant failed to conduct any investigation relative to the error complained of by Plaintiffs within ten (10) days of the receipt of Plaintiffs' dispute in violation of 15 U.S.C. §1693f(a).

35. On October 15, 2024, Defendant provided a response to Plaintiffs' dispute stating that no error occurred.

36. Prior to October 15, 2024, Defendant did not provide a provisional credit within 10 days of the receipt of Plaintiffs' dispute in violation of 15 U.S.C. §1693f(c), leaving Plaintiffs without the use of their funds while Defendant investigated the error.

37. Defendant's investigation was not made in good faith, and Defendant did not have a reasonable basis for denying the return of Plaintiffs' funds in violation of 15 U.S.C. §1693f(e)(1).

38. Defendant knowingly and willfully concluded that Plaintiffs' accounts were not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

39. Defendant violated the Electronic Funds Transfers Act by holding Plaintiffs liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

40. Presently, Plaintiffs remain without the $10,870.00 debited by unknown recipient(s) from Plaintiffs' TruStone Accounts.

41. Plaintiffs are neither legally responsible nor obligated to pay the $10,870.00 debited by unknown recipient(s) from Plaintiffs' TruStone Accounts.

42. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered, and continue to suffer, mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiffs, KELLY LEINES, TORSTEN LEINES each individually and on behalf of their minor son, TSL and SAVANNAH LEINES, by and through their attorneys, respectfully pray for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c.    Treble damages allowable under 15 U.S.C. §1693f(e);

    d.    Plaintiffs' attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

43.    Plaintiffs hereby demand a trial by jury on all issues so triable

Dated this 26th day of June 2025.

    Respectfully submitted,
**KELLY LEINES,**
**TORSTEN LEINES, each individually**
**and on behalf of TSL, a minor, and**
**SAVANNAH LEINES,**

By: *s/Thomas J. Lyons Jr.*
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 0403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

Larry P. Smith, Esq.
IL Attorney I.D. # 6217162
**SMITHMARCO P.C.**
400 Lake Cook Rd., Suite 203
Deerfield, IL 60015
Telephone: (312) 324-3532
lsmith@smithmarco.com
(*To Be Admitted Pro Hac Vice*)

*ATTORNEYS FOR PLAINTIFFS*